**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CARLOS DAVID GUINAC VASQUEZ,**

    **Petitioner,**

    **v.**                                     **Civil Action No. 3:26-cv-51**

**JEFFREY CRAWFORD,** *et al.,*

    **Respondents.**

**<u>MEMORANDUM OPINION</u>**

This matter comes before the Court on Petitioner Carlos David Guinac Vasquez's

("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition").

(ECF No. 1.)  In the Petition, Mr. Guinac Vasquez challenges his detention by Immigration and

Customs Enforcement ("ICE"), arguing that ICE's failure to provide him with a bond hearing

under 8 U.S.C. § 1226 violates his statutory right to such a hearing.  (ECF No. 1, at 6, 8.)[1]  For

the reasons articulated below, the Court will grant the Petition (ECF No. 1) and order

Respondents to provide Mr. Guinac Vasquez with a bond hearing under 8 U.S.C. § 1226(a).

### I. Factual and Procedural Background

**A.**    **<u>Factual Background</u>[2]**

Mr. Guinac Vasquez is a citizen of Guatemala.  (*See* ECF No. 10-1, at 1.)  On an unstated

date, he was "detained within the [United States]."  (ECF No. 1, at 6.)  He has "not been

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] Although the factual record in this proceeding is sparse, the Court dispenses with additional briefing because Respondents have represented to the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar* [*v. Perry, et al.*, 3:25-cv-758 (E.D. Va.)]."  (ECF No. 6, at 1; ECF No. 11, at 1.)  Accordingly, the Court recites the limited facts alleged in the Petition and incorporates Respondents' filings in *Duarte Escobar* into this proceeding.

convicted of or arrested for any crime that requires [him] to be detained." (ECF No. 1, at 6.) He is in ICE custody at the Farmville Detention Center (ECF No. 10-1) and, pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), has been denied a bond hearing (ECF No. 1, at 6).[3]

### B.    **Procedural Background**

On January 21, 2026, Mr. Guinac Vasquez filed his Petition. (ECF No. 1.) On February 6, 2026, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the Petition differ in any material fashion from those presented in *Duarte Escobar v. Noem, et al.*, No. 3:25-cv-758 (E.D. Va.). (ECF No. 5, at 1.) The Court further ordered that, if Respondents indicated that the factual and legal issues presented in the Petition did not differ from those presented in *Duarte Escobar*, "each of the substantive filings in that habeas proceeding [would] be incorporated into this habeas proceeding, and [that] this Court [would] issue a ruling without further filings from the parties." (ECF No. 5, at 1–2.)

On February 13, 2026 and February 25, 2026, Respondents filed Notices stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*[.]" (ECF No. 6, at 1; ECF No. 11, at 1.) Respondents agree that, "consistent with its recent order, this Court should incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 6, at 1; ECF No. 11; at 1.)

The Court incorporates the filings in *Duarte Escobar* into the record. Specifically, the Court incorporates the parties' merits briefing in *Duarte Escobar* into the record. *See Duarte*

---

[3] On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado*. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, 807 F. Supp. 3d 397, 401 (D.N.J. 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

*Escobar*, No. 3:25-cv-758 (MHL), ECF Nos. 16, 18, 19, 20 (E.D. Va. 2025). The Court also dispenses with any further briefing by the parties.

## II. Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. Analysis

The central question posed in the Petition is whether Mr. Guinac Vasquez is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[4] or is instead subject to the mandatory

---

[4] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

3

detention provision of 8 U.S.C. § 1225(b)(2)(A).[5] Mr. Guinac Vasquez contends that 8 U.S.C.

§ 1226 entitles him to a bond hearing. (ECF No. 1, at 6, 8.)

In opposition, Respondents rely on their arguments incorporated by this Court from

*Duarte Escobar v. Perry*, 807 F. Supp. 3d 564 (E.D. Va. 2025).[6] Here, as in *Duarte Escobar*,

---

[5] 8 U.S.C. § 1225 provides, in pertinent part:

(b) Inspection of applicants for admission

    (2) Inspection of other aliens

        (A) In general

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this time.

8 U.S.C. § 1225(b)(2)(A).

[6] Respondents' arguments have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Mr. Guinac Vasquez should receive a bond hearing. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here").

In addition, dozens of courts in the Eastern District of Virginia (including this Court) have rejected Respondents' position on eminently sound bases. *See, e g., Velasquez v. Noem*, No. 3:25-cv-998 (MHL), 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting thirty cases rejecting Respondents' argument in this District alone).

A small minority of district courts have accepted Respondents' arguments. *See, e.g., Chavez v. Noem*, 801 F. Supp. 3d 1133, 1140–41 (S.D. Cal. 2025); *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132 (D. Neb. 2025). These decisions do not alter this Court's determination.

Recently, the United States Court of Appeals for the Fifth Circuit joined these courts. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Fifth Circuit's decision is not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas' dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.

Respondents insist (1) that the Court lacks jurisdiction over the Petition by virtue of two jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"), (*Duarte Escobar*, ECF No. 18, at 7–8); (2) that even if the Court had jurisdiction over the Petition, Mr. Guinac Vasquez's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, (*Duarte Escobar*, ECF No. 18, at 8–20); and (3) that Mr. Guinac Vasquez's constitutional due process rights have not been violated, (*Duarte Escobar*, ECF No. 18, at 20–28).[7]

The parties' arguments as to all challenges raised are substantially similar to those made in recent § 2241 habeas actions in the Eastern District of Virginia, including many cases decided by this Court. *See, e.g., Duarte Escobar*, 807 F. Supp. 3d 564; *Perez-Gomez v. Warden*, No. 3:25-cv-773 (MHL), 2025 WL 3141103 (E.D. Va. Nov. 10, 2025) (rejecting the same arguments made in *Duarte Escobar*); *Contreras-Perez v. Noem*, No. 3:25-cv-882 (MHL), 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Campos Flores v. Bondi*, No. 3:25-cv-797 (MHL), 2025 WL 3461551 (E.D. Va. Dec. 2, 2025) (same); *Velasquez v. Noem*, No. 3:26-cv-998 (MHL), 2026 WL 279226 (E.D. Va. Feb. 3, 2026) (same); *Espinoza Camacho v. Perry*, No. 3:26-cv-76 (MHL), 2026 WL 414937 (E.D. Va. Feb. 15, 2026) (same); *Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875 (E.D. Va. Mar. 4, 2026); *Lopez-Diaz v. Crawford*, No. 3:25-cv-1039 (MHL), 2026 WL 625492 (E.D. Va. Mar. 6, 2026) (same); *Pacheco Tum v. Perry*, No.

---

[7] Respondents, in their arguments as incorporated from *Duarte Escobar*, do not argue that Mr. Guinac Vasquez has failed to exhaust his administrative remedies, and they therefore waive any argument on that point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail because exhausting Mr. Guinac Vasquez's administrative remedies prior to filing his Petition would be futile. *See Duarte Escobar*, 807 F. Supp. 3d at 572.

3:26-cv-153 (MHL), 2026 WL 711964 (E.D. Va. Mar. 13, 2026) (same). Respondents raise no new arguments that would compel a different outcome.

The Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Mr. Guinac Vasquez to a bond hearing. Accordingly, the Court will grant the Petition.

### A.       The Court Has Jurisdiction Over the Petition

As a threshold matter, this Court has jurisdiction to consider Mr. Guinac Vasquez's Petition. Respondents argue that two provisions of the INA—8 U.S.C. §§ 1252(b)(9) and 1252(g)—strip the Court of subject matter jurisdiction. (*Duarte Escobar*, ECF No. 18, at 7–8.)

As this Court held in *Duarte Escobar*, neither 8 U.S.C. § 1252(b)(9)[8] nor § 1252(g)[9] divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the Petition. *Duarte Escobar*, 807 F. Supp. 3d at 572–75; *see also Luna Quispe v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). The Court has jurisdiction to consider the merits of the Petition and proceeds to the substance of Mr. Guinac Vasquez's claim.

### B.       Petitioner is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226

With respect to the substance of Petitioner's claim, Mr. Guinac Vasquez argues that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (ECF No. 1, at 6, 8.) According to Respondents, Mr. Guinac Vasquez's detention is lawful under the INA because

---

[8] For instance, 8 U.S.C. § 1252(b)(9) does not divest this Court of its habeas jurisdiction because Mr. Guinac Vasquez does not seek review of a removal order. *Duarte Escobar*, 807 F. Supp. 3d at 573–74 (citing *Jennings v. Rodriguez*, 583 U.S. 294–95 (2018) (plurality opinion)).

[9] 8 U.S.C. § 1252(g) likewise does not divest the Court of its habeas jurisdiction because this case does not involve commencement, adjudication, or execution of any immigration order. *Duarte Escobar*, 807 F. Supp. 3d at 575 ("[Section] 1252(g) does not apply 'to *all* claims arising from deportation proceedings.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis added))).

Mr. Guinac Vasquez was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. (*Duarte Escobar*, ECF No. 18, at 8–20.)

For the reasons stated by this Court in *Duarte Escobar*, as well as the dozens of other decisions issued by courts in this District on the same issue, this Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. *Duarte Escobar*, 807 F. Supp. 3d at 575–78.

Although the record does not establish the precise date on which Mr. Guinac Vasquez entered the United States, it is undisputed that he was "detained within the [United States]." (ECF No. 1, at 6). He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs "aliens seeking admission into the country").[10] For the

---

[10] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 217–18 (D. Mass. 2025). The July memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the BIA released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention

7

reasons set out in *Duarte Escobar*, the plain text of the INA,[11] Supreme Court precedent, district

court decisions around the country, and decades of practice support this conclusion. *Duarte*

*Escobar*, 807 F. Supp. 3d at 575–81. Petitioner is therefore entitled to a bond hearing under

§ 1226(a) and its implementing regulations.

**C.      Petitioner's Fifth Amendment Due Process Rights Have Been Violated**

Although Mr. Guinac Vasquez does not explicitly raise such a claim, for the reasons

articulated in *Duarte Escobar*, the Court finds that Mr. Guinac Vasquez's continued detention

under § 1225 without a bond hearing violates his due process rights under the Fifth Amendment

---

provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, 807 F. Supp. 3d 397, 401 (D.N.J. 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024). Indeed, the United States District Court for the Central District of California issued a nationwide declaratory judgment and vacatur under the Administrative Procedure Act against ICE's internal policy mandating that immigration detainees remain detained without a bond hearing. *Bautista v. Santacruz*, —F. Supp. 3d—, 2025 WL 3713987 (C.D. Cal. 2025), *judgment stayed in part*, 5:25-cv-1873, ECF No. 129 (C.D. Cal. Mar. 6, 2025). In doing so, the *Bautista* court found that *Matter of Yajure Hurtado* cannot be *controlling* law because it relies on a faulty statutory analysis, which *Bautista* rejected. *Id.* at \*12; *see also Duarte Escobar*, 807 F. Supp. 3d at 580. While the United States Court of Appeals for the Ninth Circuit recently stayed enforcement of the nationwide relief in *Bautista*, *Bautista*, No. 5:25-cv-1873, ECF No. 129 (C.D. Cal. Mar. 6, 2025), the Court agrees with the *Bautista* court's finding.

[11] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2). The statute's use of active language suggests that an alien must be taking *active* steps towards "seeking admission" to the United States. Presence in the country is not enough. *Duarte Escobar*, 807 F. Supp. 3d at 575–76. To find otherwise, as Respondents (again) ask this Court to do, would render other provisions of the INA superfluous. *Id.* at 576–77.

8

to the United States Constitution.[12]  807 F. Supp. 3d at 581–84.

For the reasons articulated in *Duarte Escobar*, the Court finds that Mr. Guinac Vasquez's due process rights are governed by the Fifth Amendment and that his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights.  807 F. Supp. 3d at 581–84.  Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Guinac Vasquez's favor:  (1) he has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to demonstrate a compelling government interest in detaining Petitioner without a bond hearing.  *See Duarte Escobar*, 807 F. Supp. 3d at 581–84 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

### D.    The Proper Remedy for this Violation is to Provide Petitioner with a Bond Hearing During Which Respondents Maintain the Burden of Proof

Mr. Guinac Vasquez asks the Court "to order [his] release from ICE custody or, in the alternative, to order a fair bond hearing." (ECF No. 1, at 8.)  In their response as incorporated from the briefing in *Duarte Escobar*, Respondents assert that a bond hearing is the only appropriate remedy and that at a bond hearing, Mr. Guinac Vasquez should bear the burden of establishing whether he is a flight risk or a danger. (*Duarte Escobar*, ECF No. 18, at 28–29.)

For three reasons, the Court will order Respondents to provide Mr. Guinac Vasquez with a bond hearing rather than immediate release.  But the Court will require Respondents to bear the burden of proof at that bond hearing.

---

[12] The Fifth Amendment to the United States Constitution provides, in pertinent part:

> No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

9

First, ordering a bond hearing allows the Court to tailor its remedy to the specific injury alleged by Mr. Guinac Vasquez: deprivation of his access to a bond hearing. *Avelar Ramos*, 2026 WL 614875, at *5. Second, providing Mr. Guinac Vasquez with a bond hearing aligns with the INA's statutory scheme, through which Congress and DHS, in enacting § 1226 and promulgating its implementing regulations, "have determined that an Immigration Judge is best situated to make a determination about whether an alien is a potential danger to the community or is a flight risk." *Id.* at *6. And third, the circumstances in which district courts within the jurisdiction of the United States Court of Appeals for the Fourth Circuit have ordered immediate release instead of a bond hearing are not present here. *Id.* For example, this Court has neither been "confronted with petitioners who have been detained, released, and re-detained by immigration officials," nor with evidence of Respondents' failure to comply with this Court's orders. *See id.* The Court will therefore order Respondents to provide Petitioner with a bond hearing rather than order his immediate release.

The Court will require Respondents to carry the burden of proof at that bond hearing. As this Court explained in *Avelar Ramos*, given Respondents' "abject denial of [Mr. Guinac Vasquez's] entitlement to a bond hearing, due process calls for additional safeguards to protect that entitlement." 2026 WL 614875, at *7–8.[13] Requiring Respondents to carry the burden of

---

[13] In *Avelar Ramos*, this Court distinguished circumstances like the present—where a noncitizen petitioner detained under § 1226 was denied a bond hearing—from those addressed in the Fourth Circuit's decision in *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). *Avelar Ramos*, 2026 WL 614875, at *7–8. As this Court explained, the *Miranda* court held that placing the burden of proof on a noncitizen to prove that he or she was not a risk of danger or a risk of flight did not violate due process because the noncitizen was afforded *three opportunities* to seek release from detention. *Id.* (citing *Miranda*, 34 F.4th at 358–65).

The present situation, as in *Avelar Ramos*, differs from that at issue in *Miranda* because Mr. Guinac Vasquez "has been denied access to a bond hearing entirely." *Id.*; *see also Pineda-Medrano v. Bondi*, No. 1:25-cv-01870 (AJT), 2025 WL 3472152, at *3 n.5 (E.D. Va. Dec. 3, 2025) ("[N]owhere in [*Miranda*] did the Fourth Circuit hold—explicitly or implicitly—that the

10

proof is one such safeguard.

Accordingly, the Court will order Respondents to provide Petitioner with a bond hearing during which Respondents will bear the burden of showing whether Mr. Guinac Vasquez is a danger or a flight risk by clear and convincing evidence.

### IV.  Conclusion

Because § 1226(a) sets "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 202, Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge at which the Government must prove by clear and convincing evidence that he poses a danger to the community or that he is a flight risk if Respondents continue detaining him.  8 U.S.C. § 1226(a).  Unless and until Respondents meet that burden, Mr. Guinac Vasquez's continued detention is unlawful.

For the reasons articulated above, the Court will grant Mr. Guinac Vasquez's Petition (ECF No. 1) and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 3/23/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

---

failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.").

11